38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Timothy FOEHRENBACH, Petitioner-Appellant,
v.
Carl ANDERSON, Warden, Respondent-Appellee.
 No. 94-3422.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 Before: MARTIN, NELSON and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Timothy Foehrenbach, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 2
 In 1989, a jury convicted Foehrenbach of aggravated burglary. He was sentenced to eight to twenty-five years of imprisonment. On appeal to the Ohio Court of Appeals, Foehrenbach argued that: 1) the prosecution failed to prove every element of the crime of aggravated burglary and that the verdict was against the weight of the evidence; 2) the trial judge erred by failing to instruct the jury on the lesser included offense of criminal trespass; 3) the trial court erred in failing to instruct the jury in accordance with Ohio Rev.Code Ann. Sec. 2923.03(D); and 4) the trial court erred in not allowing the jury to hear testimony concerning the alleged flight by one of the co-defendants. The Ohio Court of Appeals affirmed the conviction. In his motion for appeal to the Ohio Supreme Court, Foehrenbach raised only the sufficiency of the evidence and the lesser included offense issues. The Ohio Supreme Court denied Foehrenbach's motion.
 
 
 3
 In his habeas petition, Foehrenbach again raised the sufficiency of the evidence and the lesser included offense issues. The case was referred to a magistrate judge who recommended that the petition be dismissed. Foehrenbach filed only a general objection to the report. Upon de novo review, the district court dismissed the petition as meritless.
 
 
 4
 In his timely appeal, Foehrenbach raises only the sufficiency of the evidence issue.
 
 
 5
 Upon review, we affirm the district court's order because Foehrenbach has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 Initially, we note that Foehrenbach has abandoned the lesser included offense issue. Therefore, this issue is not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Foehrenbach's sufficiency of the evidence argument is reviewable on appeal even though Foehrenbach did not make specific objections to the magistrate judge's report. In his objections, Foehrenbach did incorporate by reference his arguments contained in his reply to respondent's return of writ. In Kelly v. Withrow, 25 F.3d 363, 365-66 (6th Cir.1994), this court stated that arguments which are incorporated by reference into objections are reviewable on appeal. Therefore, Foehrenbach's sufficiency of the evidence claim is properly before the court.
 
 
 8
 A conviction will not be disturbed on grounds of insufficient evidence if, after reviewing the evidence in the light most favorable to the government, an appellate court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This applies whether the evidence is direct or circumstantial, and it is not necessary that the circumstantial evidence remove every possible hypothesis except that of guilt. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The crime of aggravated burglary in Ohio is committed when a person trespasses into an occupied structure with the purpose of committing any theft offense or any other felony. Ohio Rev.Code Ann. Sec. 2911.11. The evidence viewed in the government's favor establishes that Foehrenbach broke into Hendrix's home with the purpose of committing a felonious assault upon Leroy Ensign and/or aided or abetted John Gillard and William Gillard with that same purpose. Foehrenbach went with John Gillard to Hendrix's backyard with the knowledge of the earlier fight between William Gillard and Leroy Ensign. Foehrenbach was present during the exchange of guns between John and William Gillard. Foehrenbach knew William Gillard was angry and Foehrenbach entered Hendrix's house along with the Gillards. Given that Foehrenbach trespassed into Hendrix's house with knowledge of the revenge which the Gillards intended to inflict, there is sufficient evidence to support Forhrenbach's conviction.
 
 
 9
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.